UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAMM,<br><br>　　　Plaintiff,<br><br>　v.<br><br>DOLLY MATTEUCCI,<br><br>　　　Defendant. | Case No. 18-01277 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>(Docket Nos. 7 & 12) |

Plaintiff, a civil detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against an official at the Napa State Hospital (hereafter "Hospital) where he is currently detained.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was transferred to this district from the Eastern District of California on February 28, 2018. (Docket No. 5.) Then the matter was reassigned to this Court on April 10, 2018. (Docket No. 11.)

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that at the Hospital on February 3, 2018, he fell down 6-7 steps on a set of stairs when his right hip and knee "gave in" and a pain "shot through" his knees to hip and up his back. (Compl. at 3.) Plaintiff claims that "no doctors came to interview" him, and that a "'Nurse' Lucy" made out a medical notes. (*Id.*) Plaintiff asserts that as of the date he signed the complaint, which is February 11, 2018, (*id.* at 6), he had not been seen by a doctor. (*Id.* at 3.) Plaintiff claims that his medical needs were not met, in violation of the Eighth Amendment. (*Id.* at 4.) Plaintiff also asserts medical malpractice. (*Id.*) Plaintiff seeks an injunction ordering Defendant Matteucci, who is the director of the Hospital, to move him to a different hospital or give him medical care. (*Id.* at 5.) Plaintiff also seeks damages. (*Id.* at 6.)

This complaint is deficient for several reasons. First of all, Plaintiff makes no specific allegations with respect to Defendant Matteucci, who is the only named defendant, explaining how her actions resulted in the deprivation of his rights. Secondly, the allegations, even if true, are simply not sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's

2

proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

First of all, Plaintiff makes no allegations with respect to the type of injuries he suffered due to the fall to indicate that he suffered from a "serious" medical need which, if untreated, would result in further significant injury. *McGuckin*, 974 F.2d at 1059. But even if Plaintiff was able to satisfy the first prong and show a sufficiently serious medical need, he makes no allegations to satisfy the second prong, i.e., that Defendant Matteucci, or any other individual, knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Plaintiff takes issue with the fact that a doctor did not examine him immediately following the fall. However, Plaintiff admits that a nurse "made out medical notes" which indicates that he received some form of medical attention for the fall sometime on or

3

between February 3, 2018, (date of fall) and February 11, 2018, (date he signed the complaint), which is period of a mere eight days. Plaintiff makes no allegation to indicate that Defendant, or any other individual, made the deliberate decision to deny Plaintiff an examination by a doctor, knowing full well that it would result in further significant injury.

Furthermore, Plaintiff has filed additional papers which indicate that he was subsequently seen by a doctor for injuries related to the fall. Specifically, Plaintiff filed a copy of a complaint he filed with the Hospital the day after the incident, on February 4, 2018, complaining that "no doctors came to interview me." (Docket No. 8 at 1.) Therein Plaintiff complains of injuries to his lower back, legs, knees, ankle, and feet. (*Id.*) Attached to this complaint is a copy of the response from the Office of Patients' Rights, dated February 15, 2018, which states that Plaintiff had spoken with an advocate from that Office on February 15, 2018, and informed her of the following: "you explained to me that you have seen a doctor since this happened so even though you are still having pain, you have talked to a doctor about it and you told me I could close this complaint." (*Id.* at 2.) Assuming that the content of these papers is true, then within two weeks of his fall down the stairs on February 3, 2018, Plaintiff was seen by a doctor for his injuries. Based on these facts alone, the Court is not persuaded that Plaintiff has stated sufficient facts to state a claim under the Eighth Amendment for deliberate indifference to serious medical needs. Plaintiff shall be afforded an opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable Eighth Amendment claim.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

4

required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Lastly, Plaintiff's assertion of medical malpractice does not state a claim because a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Accordingly, this claim is DISMISSED for failure to state a claim.

C. **Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel based on his indigence, limited access to the law library and knowledge of the law, and the complexity of the issues involved. (Docket No. 7.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, there is no danger that Plaintiff will lose his physical liberty if he loses the litigation. Furthermore, Plaintiff's asserted grounds are not within the realm of "exceptional circumstances" to warrant appointment of counsel. Accordingly, Plaintiff's motion is DENIED without prejudice for lack of exceptional circumstances.

*See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint **using the court's form complaint** to state sufficient facts to state a deliberate indifference claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-01277 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. Plaintiff's motion for appointment of counsel, (Docket No. 7) is DENIED without prejudice.

3. Plaintiff's request for production of documents, (Docket No. 12), is DENIED without prejudice. Plaintiff may proceed with discovery only once this Court has determined Plaintiff has stated cognizable claims and Defendants are served in this matter.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to**

6

**Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 7 and 12.

**IT IS SO ORDERED.**

Dated: May 3, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Pending Motions
PRO-SE\BLF\CR.18\01277Hamm_dwlta