UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAMM,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLY MATTEUCCI,<br><br>    Defendant. | Case No. 18-01277 BLF (PR)<br><br>**ORDER SCREENING AMENDED COMPLAINT; OF DISMISSAL**<br><br>(Docket No. 17) |

    Plaintiff, a civil detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officials at the Napa State Hospital (hereafter "Hospital) where he is currently detained.[1] The Court dismissed the complaint with leave to amend. (Docket No. 13.) Plaintiff's motion for leave to file an amended complaint, (Docket No. 17), is GRANTED. The Court shall proceed with an initial screening of the amended complaint.[2] (Docket No. 17-1, hereafter "Am. Compl.")

---

[1] This matter was transferred to this district from the Eastern District of California on February 28, 2018. (Docket No. 5.) Then the matter was reassigned to this Court on April 10, 2018. (Docket No. 11.)

[2] Plaintiff filed an amended complaint on May 29, 2018, (Docket No. 15), and then a motion to file an amended complaint along with the proposed amended complaint, (Docket Nos. 17, 17-1.) The two documents are identical. The Court will consider the latter "amended complaint" the operative complaint in this action, and strike the former.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff claims that he was forced to use the stairs when his request to use the elevator was denied by "Shift Lead" Oliver Clark. (Am. Compl. at 2.) He ended up slipping and falling on the concrete stairs, hurting his knees and back. (*Id*.) Plaintiff was taken in a wheelchair to the medical unit where staff nurses checked on him every hour until a doctor came to see him about 8 hours later. (*Id.*) He explained to the doctor what happened, and the doctor stated he would schedule an x-ray. (*Id.*) Three weeks later, Plaintiff was informed by the "xray doctor" that there were no broken bones. A few weeks later, Plaintiff was seen by a doctor who informed him that there "may be torn muscles around the bones." (*Id.*) Plaintiff claims the doctor refused to prescribe a wheelchair or walker assistive devices. (*Id.*) When he asked for a "wheel chair double wide for comfort," the doctor refused and stated he could not accommodate. (*Id.*) Plaintiff claims he filed the instant lawsuit to "redress[] the deprivation of care and treatment" for the denial of ambulatory services to the emergency room, for being made to get up from where

2

he fell, and is seeking damages "due to the malpractice and [negligence]." (*Id.* at 2-3.)

This amended complaint is again deficient for the same reasons as the original complaint. First of all, Plaintiff makes no specific allegations with respect to the named Defendants in this action: Executive Director Norman T. Kramer, and the Warden of Napa State Hospital. (Am. Compl. at 1.) Secondly, Plaintiff was already advised that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. (Docket No. 13 at 5); *see Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Accordingly, the claim based on malpractice and negligence is DISMISSED for failure to state a claim.

Furthermore, the allegations, even if true, are simply not sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."

3

*McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Even if we assume that Plaintiff satisfies the first prong and shows a sufficiently serious medical need, he makes no allegations to satisfy the second prong, i.e., that any named Defendant, or treating nurse and doctor knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Plaintiff takes issue with the fact that a doctor did not examine him immediately following the fall. However, Plaintiff states that nurses checked on him every hour until he was seen by a doctor within a day of the fall. Contrary to his assertion that he was denied "care and treatment," his alleged facts show that the doctor immediately ordered an x-ray which revealed no broken bones; the diagnosis was possible torn muscles around the bone. The fact that Plaintiff disagreed with the doctor's opinion that certain ambulatory devices were not necessary is a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment which does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, this Eighth Amendment claim is DISMISSED for failure to state a claim.

Based on the foregoing, the amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where

4

plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. (Docket No. 17.) Based on the foregoing, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

This order terminates Docket No. 17.

**IT IS SO ORDERED.**

**Dated:** 9/12/2018

BETH LABSON FREEMAN
United States District Judge

Order Screening Am. Compl.; of Dismissal
PRO-SE\BLF\CR.18\01277Hamm_dism